■  STERLING NATIONAL BANK & TRUST COMPANY OF NEW YORK, Respondent, v SAVINGS BANKS TRUST COMPANY, Appellant, et al., Defendant.— Order, Supreme Court, New York County, entered on August 2, 1976, and

judgment entered thereon on August 6, 1976, affirmed for the reasons stated by Chimera, J., at Special Term, without costs and without disbursements. Concur—Kupferman, J. P., Lupiano, Silverman and Capozzoli; Nunez, J., dissents in the following memorandum: I would reverse and dismiss the complaint. The facts are conceded. Plaintiff's customer deposited two checks into its account with plaintiff on October 24, 1973. The checks were drawn on Merchants Bank of New York. Instead of forwarding the checks for collection to the Merchants Bank, plaintiff mistakenly sent them to defendant-appellant, Savings Banks Trust Company. On October 29, 1973 defendant-appellant returned the checks. Plaintiff thereupon resubmitted the two checks to the correct drawee, Merchants Bank. They were returned unpaid. In the meantime plaintiff's customer had drawn on its account and the money was gone. This action followed. Appellant has been held liable for its failure to return the checks timely in violation of paragraph 4 (a) of the Manhattan, Bronx and Brooklyn collection arrangement which provides that "Missent or ineligible items" presented through the Federal Reserve clearing process may be returned, unpaid, no later than 9:00 P.M. on the day of presentment. As I view it, section 4-a of the aforesaid collection arrangement contemplates the return of items which were capable of being presented but which for some defect were "missent and ineligible." Here, appellant was a complete stranger to these checks, the maker, the plaintiff, and the collecting bank; these checks could not be "presented" to appellant. Plaintiff should not be permitted to recover its loss occasioned by its mistake at the expense of an innocent third party.